IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PRISCILLA AGUILAR, | : | Civil No. 3:21-CV-595 |
| Plaintiff, | : | |
| v. | : | (Magistrate Judge Bloom) |
| WILLIAM MOYER, SR., | : | |
| Defendant. | : | |

MEMORANDUM OPINION AND ORDER

I. Introduction

Pending before the court is the defendant, William Moyer's, motion *in limine* to preclude evidence of his prior criminal conviction at trial. (Doc. 56). This case is scheduled for a jury trial beginning on January 22, 2024. The plaintiff, Priscilla Aguilar, asserts claims of First Amendment retaliation and civil battery against Moyer, alleging that Moyer interfered with her attempt to record her husband's arrest on April 5, 2019. Aguilar now seeks to introduce evidence at trial of Moyer's 2011 conviction for providing a false statement to the Federal Bureau of Investigation, asserting that his conviction is probative of his truthfulness and credibility.

1

After consideration, we will permit Aguilar to introduce evidence of Moyer's prior criminal conviction in a limited fashion; that is, Aguilar will be permitted to introduce the fact of Moyer's conviction, but she will not be permitted to reference the underlying facts of the conviction.

## II. Discussion

Motions *in limine* are filed "to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *United States v. Tartaglione*, 228 F. Supp. 3d 402, 406 (E.D. Pa. 2017). Courts are vested with broad authority and discretion to rule on motions *in limine* prior to trial "to ensure that juries are not exposed to unfairly prejudicial, confusing or irrelevant evidence." *United States v. Larry*, 537 F. Supp. 3d 766, 768 (M.D. Pa. 2021) (quoting *Ridolfi v. State Farm Mutual Auto. Ins. Co.*, 2017 WL 3198006, *2 (M.D. Pa. July 27, 2017) (internal quotation marks omitted)). A trial court's ruling on a motion *in limine* is reviewed only for an abuse of that discretion. *Abrams v. Lightolier Inc.*, 50 F.3d 1204, 1213 (3d Cir. 1995).

Regarding the admissibility of evidence generally, Rule 402 of the Federal Rules of Evidence prescribes that "[a]ll relevant evidence is admissible," unless the Rules or law provide otherwise. Fed. R. Evid. 402.

Relevant evidence is evidence "having any tendency to make the existence of a fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. However, the Rules provide that relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . ." Fed. R. Evid. 403.

In the instant case, the plaintiff requests permission to introduce evidence of Moyer's 2011 criminal conviction for lying to the FBI under Rule 609. Rule 609 permits the introduction of a witness's prior criminal conviction to attack the witness's character for truthfulness. Fed. R. Evid. 609(a). Because more than 10 years have passed since Moyer's 2011 conviction, such evidence is only admissible if "its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect[,]" and the plaintiff gives written notice of the intent to use it. Fed. R. Evid. 609(b). In making this balancing determination, we must consider "(1) the kind of crime involved, (2) when the conviction occurred, (3) the importance of the witness' testimony to the case, and (4)

3

the importance of the credibility of the defendant." *United States v. Greenridge*, 495 F.3d 85, 97 (3d Cir. 2007).

We conclude that the balancing of these factors weighs in favor of permitting evidence of the defendant's prior conviction in this case. First, the kind of crime involved—making false statements to the FBI—is a crime of dishonesty. "Crimes of this nature are believed to have a high value of impeachment—the only proper purpose served by admitting past convictions—because they bear directly on a witness's propensity to testify truthfully." *United States v. Guerrier*, 511 F. Supp. 3d 556, 562 (M.D. Pa. 2021) (internal quotations and citations omitted). Moreover, we recognize that convictions for *crimen falsi*, if less than 10 years old, are automatically admitted for impeachment purposes regardless of the prejudicial effect they may have. *See* Fed. R. Evid. 609(a)(2); *United States v. Slade*, 2013 WL 5873576, at *3 (E.D. Pa. Nov. 1, 2013). Specifically in this case, we believe that this conviction has a high impeachment value where the defendant appears to assert, more than twelve years later, that he does not know what false statements he made that resulted in his federal conviction and sentence. (Doc. 62-2 at 2).

4

Second, the conviction occurred roughly 12 years ago. Thus, while not automatically admissible, the conviction is subject to the balancing test in Rule 609(b) and will still be admissible if its probative value outweighs its prejudicial effects. Courts in this circuit have found such convictions admissible, particularly where the remote conviction is for a *crimen falsi* offense, which would be automatically admissible if less than 10 years old. *See e.g.*, *Hester v. Speedway, LLC*, 2023 WL 1863166, at *3 (E.D. Pa. Feb. 9, 2023) (admitting evidence of a 2012 retail theft conviction). This is particularly so in cases where the defendant's credibility "is of paramount importance to th[e] action." *Wink v. Ott*, 2012 WL 1979461, at *2 (M.D. Pa. June 1, 2012) (admitting evidence of 12-year-old conviction for providing false statements to law enforcement).

Considering the final two factors—the importance of the witness's testimony and the defendant's credibility—we conclude that evidence of Moyer's prior conviction should be admissible. In the instant case, the jury will be tasked with determining the facts underlying the encounter between Aguilar and Moyer, which took place out of sight of the video footage and will depend largely on whose version of events the jurors credit. Thus, the jurors will be required to assess the credibility of each

5

party to determine the facts and render a verdict in this case. *See Larry*, 537 F. Supp. 3d at 771 (finding that prior *crimen falsi* conviction "bear[s] directly on [the] witness's propensity to testify truthfully."); *Perez v. Lloyd Indus., Inc.*, 2019 WL 9584403, at \*5 (E.D. Pa. Mar. 26, 2019) (permitting evidence of a 2004 *crimen falsi* conviction where the witness's testimony was "essential" to the case").

We conclude that Moyer's prior *crimen falsi* conviction for making false statements to law enforcement, while more than 10-years-old, bears directly on his credibility in the instant case such that its probative value outweighs the prejudicial effect it may have. Accordingly, evidence of this conviction will be admissible at trial for impeachment purposes. However, to avoid undue prejudice to the defendant, we will limit this evidence in the following fashion: the plaintiff will be permitted to introduce evidence of the fact that Moyer was convicted for making false statements to law enforcement; the date of the conviction; and the sentence he received for that conviction. The plaintiff will not be permitted to introduce any evidence of or discuss in any way the factual basis for the underlying conviction.

III. <u>Order</u>

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED THAT the defendant's motion *in limine* (Doc. 56) is DENIED. The plaintiff will be permitted to introduce evidence of Moyer's criminal conviction in the limited fashion that we have described: the plaintiff will be permitted to introduce evidence of the fact that Moyer was convicted for making false statements to law enforcement; the date of the conviction; and the sentence he received for that conviction. The plaintiff will not be permitted to introduce any evidence of or discuss in any way the factual basis for the underlying conviction.

So ordered 4th this day of January 2024.

*s/ Daryl F. Bloom*
Daryl F. Bloom
United States Magistrate Judge
